**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1939
_____

UNITED STATES OF AMERICA

v.

FRANKIE TAYLOR,

                                        Appellant.


_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No.:  3-11-cr-00452-006)
District Court Judge:  Honorable Freda L. Wolfson

_____

Submitted under Third Circuit LAR 34.1(a)
on January 13, 2014

(Opinion filed: March 12, 2014)

BEFORE: RENDELL, ROTH and BARRY, Circuit Judges

_____

O P I N I O N
_____


**RENDELL**, Circuit Judge:

    Frankie Taylor was found guilty on three counts of conspiracy to distribute

controlled substances, in violation of 21 U.S.C. § 846.  Specifically, he was convicted of

conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, conspiracy to distribute and possess with intent to distribute twenty-eight grams or more of crack cocaine, and conspiracy to distribute and possess with intent to distribute one hundred grams or more of heroin.  The District Court sentenced him to 132 months for each count, to run concurrently, and five years supervised release.

Taylor now appeals alleging that the District Court erred in (1) permitting testimony from Thomas Goodwyn as a co-conspirator regarding a statement made in furtherance of the conspiracy; (2) considering venue as a question of fact for the jury; and (3) denying Taylor's motion for judgment of acquittal.  For the reasons that follow, we will affirm.[1]

## I. *Background*

Taylor worked at a car detailing and repair shop, referred to as "Motor City," owned by Carl Barnett.  Barnett was the head of a large conspiracy "the purpose of which was to profit from the distribution of controlled substances, chiefly heroin, cocaine and cocaine base, in and around Trenton, New Jersey and Morrisville, Pennsylvania."  PSR ¶56.  Aside from Taylor, there were 16 other co-conspirators, including Barnett, all of whom pled guilty to a variety of charges related to the conspiracy.

During the course of the conspiracy the investigating officers used wire taps and cameras to monitor Barnett and his associates.  Taylor was observed by a "pole camera" at Motor City putting a plastic bag in a car that another co-conspirator picked up a short

_____

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

time later.  (Supp. App. 164, 553.)  This bag was allegedly filled with drugs.  Taylor was also heard on some wire taps referring to "hip hop."  (Supp. App. 1051.)  Taylor continuously asserted that he was an employee at Barnett's legitimate Motor City business and helped Barnett distribute his hip hop/rap music compact discs.  He further contended that he was unaware that the people with whom Barnett associated, were all involved in a drug dealing conspiracy.

At the close of the Government's case, Taylor made a motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29.[2]  In his motion, Taylor contended that the prosecution failed to establish proper venue in New Jersey as to all the counts during its case-in-chief.  The District Court dismissed two counts of possession with intent to distribute, but reserved the remainder of Taylor's motion, ultimately denying it following the jury verdict.[3]  In denying Taylor's motion, the District Court wrote:

> Here, viewed in the light most favorable to the Government, the circumstantial evidence presented by the Government was sufficient for a reasonable jury to infer that [Taylor], along with other co-defendants, had a unity of purpose, intended to achieve a common goal of distributing illegal drugs, and agreed to work together towards that goal.

(Taylor App. 13.)

---

[2] Fed. R. Crim. Pro. 29(a) reads: "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."
[3] Under Fed. R. Crim. Pro. 29(b) when a court reserves decision on a motion for judgment of acquittal "it must decide the motion on the basis of the evidence at the time the ruling was reserved."

3

In particular, the District Court noted Taylor's discussions with Barnett during various wiretapped calls in which Taylor referred to "hip hop."  (*See* Supp. App. 1051 ("I need some hip hop too.").)  Further, the Court noted that Taylor was videotaped meeting with a co-conspirator, and both are then joined by Barnett, who arrives to deliver "'CDs,' which denoted drugs." (Taylor App. 14.)  According to the District Court, this evidence, along with other evidence in the record, could reasonably be relied upon by a jury to infer that Taylor was a part of the conspiracy.

## II. *Discussion*

### A. *Federal Rule of Evidence 801(d)(2)(E)*

On appeal, Taylor's first argument is that the District Court erred in allowing Thomas Goodwyn to testify as to the meaning of certain terms used in the course of the conspiracy.  Specifically, Taylor challenges Goodwyn's testimony regarding the meaning of "hip hop" (crack-cocaine), "R&B" (powder cocaine), and "CDs" (quantity of drugs).  (Supp. App. 426.)  Taylor urges that Goodwyn's testimony should not have been admitted under Fed. R. Evid. 801(d)(2)(E)[4] because (1) it was not a statement so it would not be considered under the hearsay Rule; (2) it was not made in furtherance of the conspiracy; (3) Goodwyn was involved in a separate conspiracy so he was not a co-conspirator with Taylor; and (4) Goodwyn was not offered as an expert in code words.  Appellent's Br. at 14-22.  While Taylor is correct that Goodwyn's testimony should not

---

[4] Fed. R. Evid. 801 (d)(2)(E) reads: "A statement that meets the following conditions is not hearsay . . . [t]he statement is offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy."

4

have been admitted under Rule 801, the District Court did not commit reversible error because the testimony was nonetheless admissible.

A district court's interpretation of the Federal Rules of Evidence is reviewed de novo. *United States v. Furst*, 886 F.2d 558, 571 (3d Cir. 1989). The application of a particular rule by a district court is reviewed under an abuse of discretion standard. *United States v. Balter*, 91 F.3d 427, 437 (3d Cir. 1996). Accordingly, we review the District Court's decision regarding whether a statement constituted hearsay for abuse of discretion. *United States v. Duka*, 671 F.3d 329, 348 (3d Cir. 2011). We also note that we can affirm an evidentiary ruling "for any reason supported by the record." *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010).

Under Fed. R. Evid. 802, hearsay is not admissible unless permitted by federal statute, the Federal Rules of Evidence or the United States Supreme Court. Hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). "Statement means a person's oral assertion, written assertion, or nonverbal assertion, if the person intended it as an assertion." Fed. R. Evid. 801(a).

Here, Taylor is correct that Goodwyn's testimony should not have been considered as hearsay, as it was not a statement. Goodwyn testified to facts of which he had personal knowledge. He outlined the words that he and the other co-conspirator with whom he spoke, Chartoine Oglesby, used to conduct their drug transactions. Neither he, nor Oglesby, were making an assertion. *See* Fed. R. Evid. 801(c) Advisory Committee

5

Note ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay."). Indeed, Taylor concedes as much in his brief by arguing that the "statement sought to be admitted was a not an assertion." Appellant's Br. at 18. Absent an assertion, there is no statement under Rule 801(a), which means there is no hearsay.

The District Court should not have applied rules regarding hearsay to Goodwyn's testimony, but this misapplication was harmless error. Goodwyn was testifying as to words he, himself, used and the definition he ascribed to them. While Goodwyn dealt only with Oglesby and never met Taylor, Oglesby was heard on multiple wire taps discussing drugs with co-conspirator Terrence Smith, who frequently spoke with Carl Barnett. The code words Oglesby used with Goodwyn could reasonably be inferred by a jury to be the same code words Oglesby, and his other co-conspirators, including Taylor, used when talking to each other. His testimony was, thus, admissible.

## B. *Venue*

Taylor's second contention is that the District Court erred by allowing the jury to consider the question of venue even though there was no issue of material fact as to venue.

Our review of a district court's determination of venue is plenary. *United States v. Pendleton*, 658 F.3d 299, 302 (3d Cir. 2011). Generally, venue is a question of law for the court to determine. *United States v. Perez*, 280 F.3d 318, 332 (3d Cir. 2002) However, a defendant can object to venue and if that objection is based on a factual dispute, the court has discretion to instruct the jury to decide the question. *Id*. The

government has the burden of proving venue and must do so by a preponderance of the evidence. *Id*. at 333.

Taylor objected to venue at the conclusion of the prosecution's case-in-chief in his motion for a judgment of acquittal. The District Court decided that venue was "in issue" and told Taylor that it would instruct the jury to determine if venue was proper. (Taylor App. 70.) On appeal, Taylor asserts that venue was not in issue and therefore, the District Court should have decided the question of venue as a matter of law. Appellant's Br. at 25.

A defendant has a constitutional and statutory right to be prosecuted in the district where the alleged crime was committed. *See* U.S. Const. art. III, § 2; 18 U.S.C. § 3237(a).[5] With regard to a conspiracy charge, "venue can be established wherever a co-conspirator has committed an act in furtherance of the conspiracy." *Perez*, 280 F.3d at 329.

Taylor's argument primarily relies on the holding of *Perez*. There we wrote:

> [W]here the indictment alleges venue without a facially obvious defect, if (1) the defendant objects to venue prior to or at the close of the prosecution's case-in-chief,[6] (2) there is a genuine issue of material fact with regard to proper venue, and (3) the defendant timely requests a jury instruction, venue becomes a jury question and the court must specifically instruct the jury on venue.

---

[5] 18 U.S.C. § 3237(a) reads: "Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."

[6] If a defendant does not object to venue during, or immediately following, the government's case-in-chief, venue is deemed waived. *See United States v. Sandini*, 803 F.2d 123, 127 (3d Cir. 1986) ("challenge to venue in a motion for acquittal is timely").

*Id.* at 334.

Taylor asserts he did not raise an issue of material fact, nor did he request a jury instruction, and thus, the District Court had only two choices: Either determine venue as a matter of law or allow the government to reopen its case to cure any venue defect. *See Id*. at 335 n.13 (When the government presents no evidence on venue and the defense objects "the District Court has the *discretion* to allow the Government to reopen its case." (emphasis added))

As the government points out, Taylor's contention that the District Court had only two choices is incorrect. Even if a defendant does not raise a question of fact as to venue, aside from objecting to it, a district court has discretion to determine that testimony presented by the prosecution put venue "in issue." *Id*. at 335 n.12. In reviewing the record, the District Court did not abuse its discretion by allowing the jury to consider the issue of venue. The conspiracy included 16 other individuals, some of whom lived in Trenton, NJ. Several taped phone calls refer to New Jersey. Taylor is heard talking to Barnett about Taylor's cousin telling him that people are talking about Barnett in Trenton.

Taylor argues that the government failed to present evidence of any overt act being committed in New Jersey. As Taylor points out, an "overt act has been defined as any act in furtherance of the plan." Appellant's Br. at 26 (quoting *Perez*, 280 F.3d at 329). The government counters by pointing to evidence of overt acts as to each count that, at the very least, provide a basis for a reasonable juror to infer that members of the conspiracy performed overt acts in furtherance of the conspiracy in New Jersey. We find

8

there was sufficient evidence for a reasonable juror to determine that venue was proper in New Jersey. The District Court was justified in deciding venue was proper as a matter of law, but given that Barnett lived in Morrisville, PA and distributed drugs from Pennsylvania, as established by the evidence, it was well within the District Court's discretion to submit the question to the jury.

C. *Fed. R. Crim. Pro. Rule 29 Motion for Judgment of Acquittal*

Finally, Taylor urges that the District Court's denial of his motion for judgment of acquittal was erroneous. The District Court reserved Taylor's motion until after the jury returned its verdict. "A Rule 29 motion for judgment of acquittal obliges a district court to review the record in the light more favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." *United States v. Bobb*, 471 F.3d 491, 494 (3d Cir. 2006) (internal quotations omitted). Rule 29(b) directs that where a district court reserves a motion, "it must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. Pro. 29(b). We have plenary review of a district court's decision to deny a defendant's motion for judgment of acquittal. *United States v. Smith*, 294 F.3d 473, 477 (3d Cir. 2002).

As cited by the District Court, the elements of conspiracy are "(1) a shared unity of purpose, (2) an intent to achieve a common goal, and (3) an agreement to work together toward that goal." *Bobb,* 471 F.3d at 494 (quoting *United States v. Mastrangelo*, 172 F.3d 288, 292 (3d Cir. 1999)). When viewing the evidence in a light most favorable to the prosecution, the conclusion that Taylor was part of the Barnett conspiracy is

9

difficult to question. Taylor is heard on numerous wire taps talking to Barnett –
including use of the term "hip hop"– he accompanied him to a drug deal, and Taylor's
name was listed on a pay sheet that included drug quantities. In short, there was ample
evidence for a jury to find that Taylor was a knowing participant in the conspiracy.

## III. *Conclusion*

While the District Court and the government seemed unclear as to the contours of
Rule 801, the District Court's mistake as to the admissibility of Goodwyn's statement
was harmless error. As to venue, the District Court's decision to instruct the jury was
within its discretion. Finally, the District Court's decision to deny Taylor's Rule 29
motion is well supported in the record. Accordingly, the judgment of the District Court is
affirmed.